IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAYRA L. LABIOSA HERRERA<br><br>PLAINTIFF<br>v.<br><br>PUERTO RICO TELEPHONE COMPANY<br><br>DEFENDANT | CIVIL NO. 11-1651<br><br>RE:<br>AGE DISCRIMINATION IN EMPLOYMENT ACT<br>LAW NO.100 OF JUNE 30, 1959;<br>DAMAGES EQUITABLE AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY |

## COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

## INTRODUCTION

1.     This is action for injunctive relief, back pay, double compensatory and liquidated damages arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. and Puerto Rico's Law No. 100 of June 30, 1959 to seek redress for the defendant's discrimination against the Plaintiff on the basis of age.

## JURISDICTION

2.     Jurisdiction of this action is conferred upon the Court by 29 U.S.C. 621 et seq., 29 U.S.C. Sec. 633a (c), 29 U.S.C. 1132 (e)(1) and 28 U.S.C. 1331.

3.     This Court's exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C.

1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

  4.  Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (1) and (2).

  5.  All conditions precedent to jurisdiction under 29 U.S.C. 633a and 29 U.S.C. 626 have occurred or have been complied with.

  a.  A charge of employment discrimination on the basis of age was filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"), within 300 days of the commission of the unlawful employment practice alleged herein.

  b.  After proceedings at the Department of Labor, the parties could not solve their differences.

  c.  Plaintiff sought a Right to Sue letter from the EEOC. A Notice of Right to Sue was issued on April 20, 2011.

  d.  This complaint is being filed within 90 days of receipt of the "EEOC" Determination and right-to-sue letter.

  6.  All the discriminatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

  7.  Defendant PUERTO RICO TELEPHONE COMPANY is, and at all times hereinafter mentioned, was a corporation duly authorized to do business in Puerto Rico under the laws of the Commonwealth of Puerto Rico.

  8.  Defendant is a "person" within the meaning of 29 U.S.C. 630 (a).

  9.  Defendant employs 15 or more employees and is "employer" within the meaning

of 29 U.S.C. 630 (b).

10.     Defendant is engaged in an industry affecting commerce within the meaning of 29 U.S.C. 630 (h).

11.     Plaintiff is a citizen of the United States and resident of the Commonwealth of Puerto Rico.

12.     Plaintiff is 57 years of age.

## THE NARRATIVE

13.     Plaintiff (Labiosa) is of legal age and resident of Guaynabo, Puerto Rico. Labiosa education is in labor relations matters.

14.     Defendant recruited Labiosa on September 4, 1996 to work in defendant's Drug Use Prevention and Control Department. In 2001 plaintiff was transferred to the defendant's Occupational Health and Security Department. In both departments, Labiosa's work was excellent. Labiosa was and is a capable and dedicated employee, whose work was continuously praised and recognized by the Defendant.

15.     In 2008, Labiosa's was the second oldest employee in the defendant's Occupational Health and Security Department. At that particular moment, the duties of Labiosa were essential and necessary for the Occupational Health and Security Department due to, among other things, the overload of work at said department. Nevertheless, Labiosa was illogically transferred to the New Technological Information Systems Planner Department to occupy the occupational title of Manager of In-Training Projects.

16.     This transfer was a pretext to force Labiosa's resignation because Labiosa did not obviously qualify for this very technological position, which required an employee to be a

technological engineering expert. In order to qualify for the position, an employee had to be, among other things, engineer and fully bilingual. The New Technological Information Systems Planner Department is the core of the company because it impulses and is in charge of the technological changes in the company.

17. Moreover, at the moment of the transfer Labiosa informed that her work was necessary in the New Technological Information Systems Planner Department. Nevertheless, the most of the time Labiosa, who is the oldest employee in said department, was and is maintained without performing any duty. The scarce duties that Labiosa has been assigned and is assigned in said department after the transfer are basically those of a secretary or assistant, making copies, filing documents, etc.

18. Labiosa is constantly requesting to be assigned, at least, clerical duties to, at least, complete a workday of eight hours, but the responses have been: "stay calm around there" ("Quedate tranquila por ahi") In addition, Labiosa has requested many meetings to discuss her work situations, but the meetings has not been held. Labiosa has requested to be assigned duties that, although not having to do with the position assigned to her, are performed in the department, and the responses have been the same. The duties requested are necessary, and sometimes, are not even being done by any person. Even though Labiosa the most of the time is maintained without performing any duty, she has been unjustly reprimanded for arriving late to her work. (to do nothing).

19. In sum, Labiosa has been discriminated in her employment due to her age by way of, for instance, being humiliated, harassed and gotten away duties, responsibilities and benefits. A hostile work environment has also been created due to his age.

20. Labiosa is in the age group protected by the ADEA; she was discriminated; at the time of this illegal actions, she was performing her job at a level that met his employer's legitimate expectations; and following these actions duties, responsibilities and benefits have assigned to a substantially younger employee, and/or there is a necessity of the duties.

21. Defendant provided a preferential and disparate treatment to those employees substantially younger than Labiosa in terms of benefits and conditions of employment.

22. Defendant's conduct is the proximate cause of Labiosa's damages.

### FIRST CAUSE OF ACTION:

23. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

24. Defendant's conduct against Plaintiff constitutes discrimination on the basis of age in violation of the ADEA.

25. As a proximate result of the defendant's discriminatory practices Plaintiff has suffered intensely, has been deprived of his means of livelihood and has been emotionally devastated.

26. Defendants are liable under ADEA to Plaintiff for compensatory and emotional damages, backpay, loss of income, salaries and benefits, and he is entitled to be reinstated to his former duties, which he held prior to her discriminatory actions and/or front pay in lieu of this until age 70.

### THIRD CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

28. Defendant's discriminatory conduct constitutes a willful violation of the ADEA. As a result thereof defendant is liable to Plaintiff for liquidated damages in an amount equal to his backpay and frontpay.

## FOURTH CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

30. Defendant's conduct constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as amended and as a result thereof defendant is liable to Plaintiff for compensatory and double damages.

## TRIAL BY JURY

31. Plaintiff demands that the instant action be tried before a jury.

## RELIEF REQUESTED

32. Plaintiff prays the Court to grant him the following relief:

a. A judgment against defendant for back pay and loss of employment benefits, plus interest as allowed by law until paid in full.

b. An injunction against defendant to permanently and forever enjoined it from any further prohibited discrimination against Plaintiff.

c. Lost benefits and salaries both, past and future.

e. An award of liquidated damages equal to twice the back pay lost by Plaintiff.

f. An award of compensatory damages for the emotional suffering and distress resulting from Defendants' discriminatory discharge in an amount not less than

$500,000.00.

g. An award of double compensatory damages and backpay pursuant to Law No. 100.

h. An award of attorney's fees, together with costs and necessary disbursements.

i. Any other remedy that this Court may deem just and proper.

j. Such other relief as the Court deems just and proper.

## **PETITION FOR RELIEF**

WHEREFORE, cause having been shown, Plaintiff prays for judgment against defendants for relief for the total amount of damages claimed, as part of this COMPLAINT, together with prejudgment interest, costs and attorney's fees and for such other further relief as necessary and appropriate.

In San Juan, Puerto Rico, this 9th day of July 2011.

S/Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICA MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com